**Rafet MEMOGLU, Petitioner,**

**v.**

**Eric H. HOLDER, Jr., United States Attorney General, Respondent.**

**No. 13–30.**

United States Court of Appeals, Second Circuit.

March 3, 2014.

Andrew P. Johnson, New York, NY, for Petitioner.

Stuart F. Delery, Assistant Attorney General; Douglas E. Ginsburg, Assistant Director; Katherine A. Smith, Trial Attorney; Lara K. Wagner, Law Clerk, Office of Immigration Litigation, United States Department of Justice, Washington, D.C, for Respondent.

PRESENT: ROBERT A. KATZMANN, Chief Judge, RICHARD C. WESLEY, and DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Rafet Memoglu, a native and citizen of Turkey, seeks review of a December 11, 2012, decision of the BIA affirming the December 23, 2010, decision of Immigration Judge ("IJ") Randa Zagzoug denying his application for asylum. *In re Rafet Memoglu,* No. A015 575 747 (B.I.A. Dec. 11, 2012), *aff'g* No. A015 575 747 (Immig. Ct. N.Y. City Dec. 23, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as the final agency determination. *See Li v. Mukasey,* 529 F.3d 141, 146 (2d Cir.2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Weng v. Holder,* 562 F.3d 510, 513 (2d Cir.2009).

To establish eligibility for asylum or withholding of removal, an applicant must show persecution, or fear of persecution, on account of race, religion, nationality, membership in a particular social group, or political opinion. *See* 8 U.S.C. §§ 1101(a)(42); 1231(b)(3). Memoglu argues that he was persecuted on account of his membership in a particular social group comprised of male members of his family. In order to establish asylum eligibility based on membership in a particular social group, an applicant must establish both that the group itself was cognizable and that the alleged persecutor targeted the applicant on account of his membership in that group. *See* 8 U.S.C. § 1101(a)(42); *Ucelo-Gomez v. Mukasey,* 509 F.3d 70, 73 (2d Cir.2007). For a group to be cognizable, it must exhibit a shared characteristic that is socially visible to others in the community and be defined with sufficient particularity. *See Ucelo-Gomez,* 509 F.3d at 73. Moreover, the applicant's status as a member of that group, and not some other factor, must be a central reason why that individual is targeted for persecution. *See* 8 U.S.C. § 1158(b)(1)(B); 8 U.S.C. § 1231(b)(3)(A).

In this case, Memoglu argues that he will be targeted because of a blood feud. However, he describes harm based on a personal dispute—violence between families—not a fear of being targeted on account of a protected ground. *See Melgar de Torres v. Reno,* 191 F.3d 307, 314 (2d Cir.1999). Moreover, Memoglu is the sole member of the "group" he describes—male family members—and as a result, the group lacks the requisite social visibility. *See Ucelo-Gomez,* 509 F.3d at 73. Indeed, the fact that an individual may be targeted for harm cannot be the defining feature of his proposed social group. *See id.*

Because Memoglu's failure to show that his fear of persecution is on account of a protected ground is dispositive of his application, we do not address the IJ's alternate finding that he did not corroborate his claim.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this peti-

tion is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).